[Civ. No. 2606.   Second Appellate District.—October 29, 1918.]

GLOBE GRAIN & MILLING CO. (a Corporation), Respondent, v. WALKER CONSTRUCTION CO. (a Corporation), Appellant.

Sales—Evidence—Shrinkage in Weight—Burden of Proof.—Where, in an action for barley sold and delivered, the plaintiff showed that the merchandise had been accurately weighed, when packed, and had been charged to the defendant at the weights thus arrived at, the burden was on the defendant, who claimed that the barley shrunk in weight thereafter, to show such shrinkage.

APPEAL from a judgment of the Superior Court of Imperial County. Franklin J. Cole, Judge.

The facts are stated in the opinion of the court.

B. D. Noel, for Appellant.

Herbert L. Iasigi, for Respondent.

JAMES, J.—This appeal is taken from a judgment entered in favor of the plaintiff awarding a sum of money found to be due on an account for merchandise sold by the plaintiff to the defendant.

But one point is made upon the appeal. It is claimed that plaintiff did not sustain the burden of proof by showing that the grain alleged to have been sold and delivered to defendant was of the weight for which charge was made. We think that there is nothing in the point. The evidence showed that a course of dealing had been had between the plaintiff and defendant for a number of years, during which time it was the custom of the defendant to send its drivers to the warehouse of the plaintiff with orders for grain, consisting mainly of two kinds—whole barley and rolled barley. Duplicate invoices were prepared at the time of delivery, showing the items of merchandise delivered and the weights thereof, copy of which was received by each driver with the grain so purchased. Plaintiff's witnesses testified that the rolled barley was sacked 75 pounds to the bag, being correctly weighed at the time of the sacking thereof; that as to the whole grain, that was weighed out when sold. That the grain sold to defendant was handled in this manner, the rolled barley being delivered as of weight 75 pounds to the sack, and the weight of the whole grain ascertained at the time the drivers received it. On cross-examination of plaintiff's witness, defendant asked as to whether it was not a fact that after rolled barley was sacked it would shrink in weight by being stored, and the witness replied that it might do so; he further testified that he did not know how long this rolled barley which the defendant received had been sacked prior to delivery; that possibly it might have been sacked several weeks. No attempt was made by defendant to show what the shrinkage in weight would amount to—whether of considerable amount or nominal. Neither was it shown how long this particular barley had remained in storage. We think that where the plaintiff showed that the rolled barley when sacked had been accurately weighed, and that those weights were the ones charged against the defendant, it made out a *prima facie* case. It was not shown by the cross-examination, as we have noted, that any shrinkage over any length of time, long or short, would be more than nominal, and, hence, in our opinion, nothing

appeared before the court in evidence which is sufficient to disturb the *prima facie* case so established in plaintiff's behalf.

For the reasons given, the judgment appealed from is affirmed.

Conrey, P. J., and Myers, J., *pro tem.*, concurred.